UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ASHLEY SANCHEZ, an individual on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VAIL RESORTS MANAGEMENT COMPANY, a Colorado corporation; TRIMONT LAND COMPANY, a California corporation; VAIL RESORTS, INC., a business entity of unknown form; THE VAIL CORPORATION; a business entry of unknown form; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | No. 2:25-cv-01259 WBS SCR<br><br>MEMORANDUM AND ORDER RE: <u>PLAINTIFF'S MOTION TO REMAND</u> |

----oo0oo----

　　　　Plaintiff Ashley Sanchez brought this putative wage-and-hour class action in Nevada County Superior Court, alleging violations of various California labor laws and of California's Unfair Competition Law.  (Docket No. 1 at 2.)  Defendants removed

1

1 to this court based on jurisdiction under the Class Action
2 Fairness Act ("CAFA").  (Id.)  Plaintiff moves to remand the
3 action to state court.  (Docket No. 7.)

I. Legal Standard

Under the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district . . . where such action is pending."  28 U.S.C. § 1441(a).  Under CAFA, federal courts have original jurisdiction over class actions in which the parties are minimally diverse, the proposed class has at least 100 members, and the aggregated amount in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d)(2).

"The [CAFA] statute includes a number of exceptions that require a federal district court to decline jurisdiction even if the[se] requirements [are] met."  King v. Great Am. Chicken Corp, Inc., 903 F.3d 875, 877 (9th Cir. 2018).  These exceptions include "what [is] commonly referred to as the local controversy exception," id. (citing 28 U.S.C. § 1332(d)(4)(A)), the applicability of which is disputed here.

II. Discussion

A. Local Controversy Exception

The local controversy exception provides that a district court shall decline to exercise jurisdiction over a class action in which (1) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the action was originally filed; (2) at

2

least one defendant is a defendant from whom significant relief is sought by members of the plaintiff class, whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and who is a citizen of the state in which the action was originally filed; (3) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the state in which the action was originally filed; and (4) during the three-year period preceding the filing of the present class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.  28 U.S.C. § 1332(d)(4)(A).

"The plaintiff bears the burden of demonstrating that the local controversy exception applies."  Benko v. Quality Loan Serv. Corp., 789 F.3d 1111, 1116 (9th Cir. 2015).  When facts regarding whether this exception applies are disputed, "the [CAFA] statute requires district courts to make factual findings before granting a motion to remand a matter to state court." Mondragon v. Cap. One Auto Fin., 736 F.3d 880, 883 (9th Cir. 2013).  The district court makes these findings under a preponderance of the evidence standard.  Id. at 884.

The parties dispute whether: (1) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the action was originally filed; (2) at least one defendant is a defendant from whom significant relief is sought by members of the plaintiff class, whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and who is a

3

1  citizen of the state in which the action was originally filed;
2  and (3) during the three-year period preceding the filing of the
3  present class action, no other class action has been filed
4  asserting the same or similar factual allegations against any of
5  the defendants on behalf of the same or other persons.  The court
6  addresses each dispute in turn.

7         1.   <u>Citizenship of Greater than Two-Thirds of</u>
8         <u>Plaintiff's Class</u>

9         Plaintiff must first "establish that greater than two-
10 thirds of prospective class members were citizens of California
11 as of the date the case became removable."  <u>Mondragon</u>, 736 F.3d
12 at 883.  "To be a citizen of a state, a natural person must first
13 be a citizen of the United States."  <u>Kanter v. Warner-Lambert</u>
14 <u>Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).  "The natural person's
15 state citizenship is then determined by her state of domicile,
16 not her state of residence."  <u>Id.</u>  "Courts have recognized that
17 determining a person's domicile involves an analysis of a number
18 of factors including among other things, place of employment."
19 <u>Ali v. Setton Pistachio of Terra Bella Inc.</u>, No. 119-cv-00959
20 NONE BAM, 2021 WL 389659, at *3 (E.D. Cal. Feb. 4, 2021), <u>report</u>
21 <u>and recommendation adopted</u>, No. 119-cv-00959 NONE BAM, 2021 WL
22 1187264 (E.D. Cal. Mar. 30, 2021) (citing <u>Lew v. Moss</u>, 797 F.2d
23 747, 750 (9th Cir. 1986)).

24         Plaintiff first contends that her class definition --
25 "all current and former employees [of defendants] within the
26 State of California" – supports a finding that the greater than
27 two-thirds requirement is met.  (Docket No. 7 at 7.).  However,
28 "some of [defendants'] California employees may commute from

4

1  other states, may temporarily reside in California while
2  maintaining legal citizenship in other states, or may be
3  California residents who are not U.S. citizens." Garza v.
4  Brinderson Constructors, Inc., 178 F.Supp.3d 906, 916 (N.D. Cal.
5  2016).
6         That defendants' California employees may commute from
7  other states or temporarily reside in California while
8  maintaining legal citizenship in other states seems especially
9  plausible here because most of the employees at issue work at
10 resorts near the California-Nevada border.  (Docket No. 9 at 5,
11 9.)  Thus, "[t]his court cannot infer citizenship based on
12 plaintiff's current California employee class definitions alone."
13 Garza, 178 F.Supp.3d at 916 (collecting cases).
14         Plaintiff next argues that the fact that she "resides
15 in California" and "was employed by Defendants as a non-exempt
16 hourly employee within the State of California" also supports a
17 finding that the greater than two-thirds requirement is met.
18 (Docket No. 7 at 7.)  This argument fares no better because the
19 local controversy exception's applicability does not turn on the
20 citizenship of the named plaintiff; it turns on the citizenship
21 of the class members.  See 28 U.S.C. § 1332(d)(4)(A)(i)(I).
22 Accordingly, the court cannot infer that greater than two-thirds
23 of the class members are citizens of California on this basis,
24 either.
25         Lastly, plaintiff contends that because she has said
26 that she is "informed and believes that Defendants employ or
27 [sic], during the time period relevant to this lawsuit, hundreds
28 of employees who satisfy the Class definition within the State of

California," the court should find that the greater than two-thirds requirement is met. (Docket No. 7 at 7.)

"The Court cannot rely on mere assertions to satisfy Plaintiff's burden of proof for this element." Gist-Reed v. Alpha Analyatical Lab'ys, Inc., No. 2:24-cv-03282 DJC CSK, 2025 WL 1572929, at *8 (E.D. Cal. June 4, 2025). Further, the fact that defendants employ "hundreds of employees" meeting the class definition within California does not imply that greater than two-thirds of the class members are in fact citizens of California. See Garza, 178 F.Supp.3d at 916. Accordingly, plaintiff has failed to allege sufficient "facts in evidence from which the district court may make findings regarding class members' citizenship for purposes of CAFA's local controversy exception." Mondragon, 736 F.3d at 884.

## 2. Significant Relief and Significant Basis

The local controversy exception also requires that at least one defendant is a defendant from whom significant relief is sought by class members, whose alleged conduct forms a significant basis for the claims alleged by the proposed class, and who is a citizen of California. See 28 U.S.C. § 1332(d)(4)(A)(i)(II). When deciding whether these requirements are fulfilled, "a federal district court is limited to the complaint." Coleman v. Estes Express Lines, 631 F.3d 1010, 1012 (9th Cir. 2011).

Plaintiff argues that defendant Trimont Land Company ("Trimont") fulfills these requirements. The parties do not dispute that Trimont is a citizen of California.

### a. Significant Relief

1          "[I]n determining whether a plaintiff has claimed
2    'significant relief' from an in-state defendant, we look to the
3    remedies requested in the complaint." Allen v. Boeing Co., 821
4    F.3d 1111, 1118 (9th Cir. 2016) (citing Benko, 789 F.3d at 1119).
5    The Ninth Circuit has held that a plaintiff's allegations that
6    "both [an] in-state defendant and [an] out-of-state defendant
7    violated California law" and claim for equal damages from both
8    defendants were sufficient to satisfy the "significant relief"
9    requirement. See id. at 1119 (citing Coleman, 631 F.3d at 1013,
10   1020); see also Benko, 789 F.3d at 1119 (request for general
11   damages, punitive damages, and equitable relief sufficient to
12   constitute "significant relief" sought from local defendant).
13   "[T]he local controversy exception does not require that
14   plaintiffs specify the division of damages between defendants."
15   Allen, 821 F.3d at 1119.
16         Plaintiff has sufficiently alleged that she seeks
17   significant relief from Trimont. While plaintiff "ha[s] not
18   quantified [her] alleged damages," she has "specified the damages
19   that [she] seek[s] from" Trimont, namely, statutory penalties for
20   Trimont's alleged violations of the California Labor Code. Id.
21   "[T]he fact that Plaintiff did not break down which of [her]
22   damages were attributable to [Trimont] is not fatal to [her]
23   ability to establish this prong of the local controversy
24   exception." R.A. by & Through Altes v. Amazon.com, Inc., 406
25   F.Supp.3d 827, 834 (C.D. Cal. 2019). Further, plaintiff's
26   "complaint also seeks injunctive relief against the individual
27   defendants, which weighs in favor of significant relief."
28   Christmas v. Union Pac. R.R. Co., 698 F.App'x 887, 889 (9th Cir.

7

2017) (quotation marks omitted).

Accordingly, plaintiff has sufficiently alleged that she seeks significant relief from defendant Trimont.

### b. Significant Basis

"To determine if the basis for the claims against a defendant is significant, we compare the allegations against that defendant to the allegations made against the other Defendants, looking specifically at that defendant's basis in the context of the overall claims asserted." Christmas, 698 F.App'x at 889 (citation modified). The Ninth Circuit has found a significant basis to exist when a local defendant was one of six defendants and "allegedly responsible for 15-20% of the wrongs alleged by the entire class," Benko, 789 F.3d at 1119, and when local defendants were each allegedly responsible for 20% of the total liability sought, Christmas, 688 F.App'x at 889.

Here, plaintiff alleges various California Labor Code violations against all defendants, including Trimont. (See generally Docket No. 1-2 at 9-38.) But plaintiff's complaint contains only one allegation that "address[es] [Trimont] specifically," R.A. by & Through Altes, 406 F.Supp.3d at 832, making it difficult for the court to identify Trimont's "basis in the context of the overall claims asserted," Christmas, 698 F.App'x at 889. "There are no facts alleged in the Complaint on which the Court can conclude that Defendant is a significant as opposed to a minor or nominal participant in the alleged" California Labor Code violations. Clark v. WorldMark, The Club, No. 1:18-cv-01661 LJO JLT, 2019 WL 1023887, at *5 (E.D. Cal. Mar. 4, 2019).

8

1         Given that each defendant is an employer alleged to
2    have violated California's Labor Code with respect to the class
3    members they employed (see Docket No. 1-2 at 1-2.), the court
4    cannot determine the extent to which Trimont's conduct – as
5    opposed to another defendant-employer's conduct – forms a basis
6    for the claims asserted.  Accordingly, plaintiff has failed to
7    demonstrate that Trimont's conduct forms a significant basis for
8    the claims asserted.
9              3.   Other Class Actions Filed Within Three Years
10        The local controversy exception also requires that
11   "during the 3-year period preceding the filing of th[is] class
12   action, no other class action has been filed asserting the same
13   or similar factual allegations against any of the defendants on
14   behalf of the same or other persons."  28 U.S.C. §
15   1332(d)(4)(A)(ii).  CAFA defines a "class action" as "any civil
16   action filed under rule 23 of the Federal Rules of Civil
17   Procedure or similar State statute or rule of judicial procedure
18   authorizing an action to be brought by 1 or more representative
19   persons as a class action."  Id. §(d)(1).
20        Actions filed pursuant to California's Private Attorney
21   General Act ("PAGA") alone do not constitute class actions under
22   CAFA.  See Canela v. Costco Wholesale Corp., 971 F.3d 845, 850-54
23   (9th Cir. 2020) (explaining why PAGA actions are "nothing like"
24   class actions).
25        Plaintiff filed the instant class action in California
26   state court on December 10, 2024.  (Docket No. 1-2 at 9, 38-39.)
27   On August 9, 2021, Christopher Hamilton filed a PAGA action in
28   California state court against an entity titled Heavenly Valley,

1  Limited Partnership (the "Hamilton II" action).  (Docket No. 7 at
2  11; Docket No. 9 at 7, 13.)  The Hamilton II action was amended
3  on February 1, 2022, to, among other things, include class claims
4  for California Labor Code violations against The Vail
5  Corporation. (Docket No. 9 at 7.)
6         The parties do not dispute that the factual allegations
7  in the Hamilton II action are the "same or similar" as those in
8  the instant action, or that The Vail Corporation, which is a
9  defendant in the Hamilton II action, is also a defendant in the
10 instant action.  (See Docket No. 10 at 9-11.)  The parties
11 dispute only when the Hamilton II action became a "class action,"
12 and, correspondingly, whether it constitutes a "class action"
13 filed within the three-year period preceding the instant action.
14 See 28 U.S.C. 1332(d)(4)(A)(ii).
15         Under the Ninth Circuit's opinion in Canela, the
16 Hamilton II action became a "class action" once Hamilton amended
17 his complaint to include class allegations.  See 971 F.3d at 854;
18 cf. Craft, Tr. of Jacqueline L. Craft Tr. U/T/D June 30, 1997 v.
19 S.C. State Plastering, LLC, No. 9:15-cv-5080, 2016 WL 11608327,
20 at *8 (D.S.C. Sept. 8, 2016) (finding that "case could only
21 qualify as 'that class action' [under CAFA] once Plaintiff moved
22 to amend her complaint to add class allegations and the state
23 court granted Plaintiff's request.").  The Hamilton II action
24 therefore became a class action on February 1, 2022, which is
25 within "the 3-year period preceding" December 10, 2024. See 28
26 U.S.C. § 1332(d)(4)(A)(ii).
27         Plaintiff has therefore failed to establish this
28 element of the local controversy exception.

10

                4.   Jurisdictional Discovery

Plaintiff requests leave to conduct jurisdictional discovery should the court deny the motion based on the "two-thirds" element of the local controversy exception.  (Docket No. 7 at 7.)  Because plaintiff has failed to establish other elements of the local controversy exception, granting such leave would be futile.  Accordingly, plaintiff's request for leave to conduct jurisdictional discovery regarding the citizenship of the class is DENIED.

                5.   Leave to Amend

Plaintiff also requests leave to file an amended complaint to "expand on the local controversy allegations." (Docket No. 7 at 10, 12).  The Ninth Circuit has clarified that, in cases involving removal under CAFA, "post-removal amendments related to jurisdiction" are permitted "for purposes of clarifying the relationship between the parties and the effect of the class claims on particular defendants."  Broadway Grill, Inc. v. Visa Inc., 856 F.3d 1274, 1279 (9th Cir. 2017).  However, plaintiffs may not file an amended complaint to "amend their class definition, add or remove defendants, or add or remove claims in such a way that would alter the essential jurisdictional analysis."  Id.

Given these constraints, the court denies plaintiff's request for leave to file an amended complaint as futile.  Even if the other insufficiencies could be cured by amendment, filing an amended complaint could not enable plaintiff to overcome the fact that the Hamilton II action was filed within three years of the instant action.  Accordingly, plaintiff's request for leave

1 | to file an amended complaint is DENIED.
2 |         IT IS THEREFORE ORDERED that plaintiff's motion to
3 | remand (Docket No. 7) be, and the same thereby is, DENIED.
4 | Dated: October 6, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE