UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ASHLEY SANCHEZ, an individual on behalf of herself and all others similarly situated,

          Plaintiff,

    v.

VAIL RESORTS MANAGEMENT COMPANY, a Colorado corporation; TRIMONT LAND COMPANY, a California corporation; VAIL RESORTS, INC., a business entity of unknown form; THE VAIL CORPORATION; a business entry of unknown form; and DOES 1 through 50, inclusive,

          Defendants.

No. 2:25-cv-01259 WBS SCR

MEMORANDUM AND ORDER RE: DEFENDANTS' MOTION TO STAY

----oo0oo----

       This action is one of five related-case putative class actions, and seven total putative class actions, involving wage-and-hour claims against some or all of the defendants to the instant action.  (See Docket No. 20-1 at 5.)  Presently before

1

the court is defendants' motion to stay the instant action.[1] Unsurprisingly, defendants ask the court to stay the instant action "pending the outcome of the earlier-filed cases" because the instant action is "materially duplicative" of those actions. (Id. at 5.)  Specifically, defendants argue that a stay is warranted under the first-to-file rule.  (Id. at 11.)

I.   First-to-File Rule

The first-to-file rule is "a judicially created doctrine of federal comity, which applies when two cases involving substantially similar issues and parties have been filed in different districts."  In re Bozic, 888 F.3d 1048, 1051 (9th Cir. 2018) (citation modified).[2]  Under this rule, "when cases involving the same parties and issues have been filed . . . the second district court has the discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy."  Cedars-Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997).

"In applying the first-to-file rule, a court looks to three threshold factors: (1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues."  Adoma v. Univ. of Phoenix, Inc., 711 F. Supp. 2d 1142,

---

[1]    Because the court has determined it would not benefit from oral argument on this motion, the motion is taken under submission and is decided on the papers.  The previously scheduled hearing on the motion is vacated.

[2]    The first-to-file rule is also applicable when two cases are filed in the same district.  See Wallerstein v. Dole Fresh Vegetables, Inc., 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2013) (finding that "the first to file rule is not limited to cases brought in different districts.")

1146 (E.D. Cal. 2010) (Karlton, J.) (quotations omitted). "When applying the first-to-file rule, courts should be driven to maximize economy, consistency, and comity." Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc., 787 F.3d 1237, 1240 (9th Cir. 2015) (quotations omitted).

While the first-to-file rule "should not be disregarded lightly," "[a] court may, in its discretion, decline to apply the . . . rule in the interests of equity or where the [8 U.S.C. § 1404(a)] balance of convenience weighs in favor of the later-filed action." Wallerstein v. Dole Fresh Vegetables, Inc., 967 F. Supp. 2d 1289, 1293-94 (N.D. Cal. 2013). As such, "[t]he circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." Alltrade, Inc. v. Uniweld Prods., Inc., 946 F.2d 622, 628 (9th Cir. 1991).

  a.  Chronology of the Actions

Four overlapping, putative wage-and-hour class actions were brought prior to the instant action, all of which are currently pending before this court pursuant to a related case designation (Docket No. 6). Heggen v. Heavenly Valley Limited Partnership, et al., No. 2:21-cv-00107 WBS SCR (E.D. Cal. brought Oct. 21, 2020) ("Heggen Action"); Hamilton v. Heavenly Valley, Limited Partnership, No. 2:21-cv-01608 WBS SCR (E.D. Cal. brought July 8, 2021) ("Hamilton Action"); Gibson, et al. v. Vail Corporation, No. 2:21-cv-01260 WBS SCR (E.D. Cal. brought Apr. 20, 2021) ("Gibson Action"); Roberds v. Vail Corporation, et al., No. 2:21-cv-02251 WBS SCR (E.D. Cal. brought Sept. 8, 2021) ("Roberds Action"). Plaintiff does not contest this chronology,

which satisfies the first component of the first-to-file rule, see Adoma, 711 F. Supp. 2d at 1146.

b.   Similarity of the Parties

The first-to-file rule requires "only substantial similarity" between the parties, not exact identity of the parties.  See Kohn Law Group, Inc., 787 F.3d at 1240.  In putative class actions, the classes are compared, rather than the named plaintiffs.  See Bates-Ferreira v. Swedish Match North America, LLC, No. 2:24-cv-00987 TLN CKD, 2025 WL 950506, at *3 (E.D. Cal. Mar. 28, 2025).  "[P]roposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals."  Wallerstein, 967 F. Supp. 2d at 1296.

The putative class in the instant action substantially overlaps with the putative classes in the earlier-filed actions. As this court previously stated, the Heggen, Hamilton, Gibson, and Roberds Actions have been brought by "overlapping groups of employees" seeking redress for alleged violations of the California Labor Code.  (See Docket No. 6 at 3.)  Notably, plaintiff does not contest this finding.  (See Docket No. 23.)

As for the defendants across the pending related-case actions, the Gibson Action names Vail Corporation as a defendant; the Hamilton and Heggen Actions name Heavenly Valley, Limited Partnership as a defendant; and the Roberds Action names both Vail Corporation and Heavenly Valley, Limited Partnership as defendants.  Although Trimont Land Company is named as a defendant only in the instant action, Trimont Land Company appears to be a corporate affiliate of both the Vail Corporation

4

and Heavenly Valley, Limited Partnership,[3] and courts have found that "parties to a litigation may be 'substantially similar' to other actions where affiliate entities are named as parties," Energy Monster v. Monster Energy Co., No. ED-cv-202528 JGB SPX, 2021 WL 3598862, at *5 (C.D. Cal. Apr. 23, 2021).

Plaintiff directs the court to the "motion to dismiss Defendants Vail Resorts Management Company, Vail Resorts, Inc., and The Vail Corporation from this action" she filed the day she filed her opposition to defendants' motion to stay. (Docket Nos. 23 at 3; 22 (motion to dismiss).) She observes that, if her motion to dismiss is granted, "the only remaining Defendant . . . will be Trimont Land Company," which is "not a Defendant in any of the other pending actions." (Docket No. 23 at 3.) Countenancing this heavily contingent argument would "allow . . . plaintiff to avoid the first-to-file rule by strategically dropping or adding . . . defendant[s]," which is the "precise behavior the first-to-file rule intends to prevent." Zuru LLC v. Lego Sys., Inc., No. 19-cv-131 DSF AFMx, 2019 WL 6998790, at *1 (C.D. Cal. July 22, 2019).

Accordingly, this factor also counsels in favor of applying the first-to-file rule.

c.   Similarity of the Issues

As with the parties, "the issues in the two actions must be substantially similar, rather than identical" to warrant application of the first-to-file rule. Wallerstein, 967 F. Supp.

---

[3] https://www.sec.gov/Archives/edgar/data/812011/000081201125000104/exhibit212025-q4.htm (last visited Mar. 19, 2026).

2d at 1296 (emphasis in original).  "To determine whether . . . suits involve substantially similar issues, we look at whether there is 'substantial overlap' between" them.  Kohn, 787 F.3d at 1241.

The claims in the instant action, all of which are brought pursuant to California law, are as follows:  failure to pay minimum wages, failure to pay overtime, failure to provide meal periods, failure to provide rest periods, failure to pay final wages, failure to timely pay wages, failure to maintain accurate payroll records, failure to reimburse business expenses, and violation of California's Unfair Competition Law.  (See Docket No. 1-2 at 9.)

The Gibson, Roberds, and Hamilton Actions include each and every claim brought in the instant action (see Docket No. 20-1 at 14-15), which plaintiff does not dispute (see Docket No. 23).  Further, as defendants point out, there are four related-case actions -- the Heggen, Gibson, Hamilton, and Roberds Actions -- currently pending before this court, all of which were previously deemed to be "alleging similar California Labor Code Violations against the Vail Corporation and its related entities."  (Docket No. 6 (Order Relating Cases) at 3); cf. Stetson v. W. Publ'g Corp., No. 2:08-cv-00810-RGK E, 2016 WL 5867434, at *4 (C.D. Cal. Aug. 11, 2016), aff'd in part, vacated in part, remanded, 714 F. App'x 681 (9th Cir. 2017) (observing overlap between related case designation and substantial similarity of issues).

Plaintiff asserts in purported opposition that the "first-filed rule is not applicable" here, where "parallel

litigation is pending in federal and state courts."  (Docket No. 23 at 2 (citing Just Film, Inc. v. Merch. Servs., Inc., No. 10-cv-1993 CW, 2012 WL 10555, at *4 (N.D. Cal. Jan. 3, 2012).)  This assertion ignores the fact that, as discussed above, there are no fewer than four instances of parallel federal litigation currently pending before this very court.

Accordingly, the first-to-file rule applies, and the court will stay the instant action pending resolution of the earlier-filed, related actions.

IV.  Conclusion

The court observes that this case is one of several it has recently confronted in which litigants have brought multiple actions comprised of substantially the same parties and issues across various forums.  This emerging pattern of duplicative litigation is troubling.  While every party has the right to zealously litigate their case, the court is skeptical that maintaining multiple, materially identical actions in state and federal court is a fruitful method for doing so.  Indeed, "[t]he goal of the Court (and the parties) should be to resolve [each] case on the merits rather than through costly and time-consuming fights over side-issues" such as the propriety of the procedural gymnastics the court has just cartwheeled through.  Ltd. v. Boeing Co., No. 23-cv-176 RSM, 2025 WL 2400458, at *1 (W.D. Wash. July 1, 2025); cf. also Fed. R. Civ. P. 1 (directing courts to apply procedural rules to "secure the just, speedy, and inexpensive determination of every action and proceeding").

IT IS THEREFORE ORDERED that defendants' motion to stay (Docket No. 20) be, and the same thereby is, GRANTED.  This

action is hereby STAYED pending resolution of Heggen v. Heavenly Valley, Limited Partnership, 2:21-cv-107 WBS SCR; Gibson v. Vail Corp., No. 2:21-cv-1260 WBS SCR; Hamilton v. Heavenly Valley, Limited Partnership, 2:21-cv-1608 WBS SCR; and Roberds v. Vail Corporation, 2:21-cv-2251 WBS SCR.

Dated:  March 20, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

8